UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES RAY HILL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-230 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT DAVIS' MOTION FOR PROTECTIVE ORDER**

Plaintiff Charles Ray Hill is an inmate proceeding *pro se* and *in forma pauperis*. In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff claims that his due process and equal protections rights were violated when his custody classification level was lowered to a more restrictive level. Pending before the Court is Defendant Lorie Davis' Motion for Protective Order. (D.E. 34). For the reasons set forth below, Defendant Davis' motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff is currently serving consecutive (stacked) life sentences on three convictions for aggravated sexual assault of a child. These convictions were entered on October 4, 2001, in Hopkins County, Texas.

Plaintiff sues the following defendants: (1) TDCJ Director Lorie Davis; and (2) Joni White, the TDCJ Assistant Director - Classifications and Records. Plaintiff claims

1 / 5

that his constitutional rights were violated in various respects when the TDCJ applied a new policy to reclassify Plaintiff from his G2 custody classification level to the more restrictive G3 classification level. Plaintiff seeks declaratory and injunctive relief.

A *Spears* hearing was conducted on September 25, 2018. Near the conclusion of the hearing, Plaintiff requested and was granted two weeks to file an amended complaint. Plaintiff was granted two extensions of time, until November 23, 2018, to file his amended complaint. (D.E. 11, 13). Plaintiff subsequently filed his amended complaint in a timely manner.

On December 12, 2018, Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (M&R), recommending that the Court retain Plaintiff's equal protection claim against TDCJ Director Davis. (D.E. 20, p. 11). Magistrate Judge B. Janice Ellington determined that TDCJ Director Davis, as opposed to Assistant Director White was more likely to have the authority to grant the injunctive relief requested by Plaintiff. (D.E. 20, p. 10). Magistrate Judge B. Janice Ellington further recommended that the Court dismiss all remaining claims and Defendant White for failure to state a claim and/or as frivolous. (D.E. 20, p. 11). Magistrate Judge B. Janice Ellington ordered service of Plaintiff's complaint on Director Davis. (D.E. 19). Senior District Judge Hilda G. Tagle subsequently adopted the M&R. (D.E. 29).

Director Davis has filed her answer, in which she asserts the defense of qualified immunity. (D.E. 27, ¶ 13). In a scheduling order, the undersigned directed that: (1) discovery in this case is due to expire on February 28, 2020; and (2) dispositive motions are due to be filed on or before the same date. (D.E. 32).

## II. DISCUSSION

Director Davis moves the Court for a protective order in order to relieve her from having to answer Plaintiff's discovery requests (D.E. 34). Director Davis contends that she is entitled to qualified immunity and, as such, is shielded from the burden of litigation until the Court rules on the issue of qualified immunity. (D.E. 34, pp. 2-3). Director Davis asserts that she has raised the issue of qualified immunity in her answer and intends to raise same in a dispositive motion. (D.E. 34, pp. 2-3).

Qualified immunity shields government officials performing discretionary functions from liability for civil damages so long as their conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). To overcome a defense of qualified immunity, the plaintiff must satisfy a "two-prong test." *Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir.2005). First, the plaintiff must allege that the defendants committed a constitutional violation under current law. *Id.* Second, the plaintiff must allege that "the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.*

The Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012). The Court must find that the plaintiff has pled "specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* "[I]f the

court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id.* (citation omitted).

The Court has retained Plaintiff's equal protection claim against TDCJ Director Davis. Plaintiff specifically claims that his equal protection rights as a "class of one" have been violated because the implementation of the new internal classification policy treats him differently than inmates who are similarly situated. Plaintiff has alleged the following facts as to this claim: (1) inmates having similarly-stacked sentences are being treated more favorably with their custody classification levels, living arrangements, and work assignments; and (2) several inmates identified by Plaintiff with similar consecutive sentences have received more favorable treatment in being returned to G2 status, remaining in the dorms, and getting their former jobs back. Plaintiff sues Director Davis because she is in charge of the TDCJ and approved of the 2016 policy change that led to Plaintiff's reclassification.

Plaintiff has pled sufficient facts to allow the court to draw the reasonable inference that Director Davis may be responsible and liable for the harm alleged and that defeat a qualified immunity defense with equal specificity. *See Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008); *Lane v. Director, TDCJ-CID*, No. 6:17-CV-504, 2017 WL 8681965, at *2 (E.D. Tex. Dec. 7, 2017) (dismissing prisoner's equal protection claim brought in a habeas corpus action because he failed to identify any other similarly-situated inmates having sentences equivalent to life without parole that were permitted to have G2 custody level status). However, further clarification is necessary before a ruling

can be made on the issue of qualified immunity. Therefore, the undersigned will order limited discovery relevant to the issue of Director Davis's qualified immunity defense.

### III. CONCLUSION.

For the foregoing reason, **IT IS ORDERED** that Director Davis's Motion for Protective Order (D.E. 34) is **GRANTED IN PART** and **DENIED IN PART**. Discovery shall be limited to the production of materials which relate specifically to whether the application of the TDCJ policy at issue has resulted in inmates with multiple-stacked life sentences like Plaintiff being treated more favorably than Plaintiff.

It is therefore **ORDERED** that Director Davis shall respond to any of Plaintiff's discovery requests that fall within the parameters set forth above.

It is further **ORDERED** that Director Davis is protected from discovery of matters outside the parameters set forth in this order until the issue of qualified immunity has been decided.

ORDERED this 31st day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge