United States District Court
Southern District of Texas
**ENTERED**
October 08, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES RAY HILL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-230 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R") to Grant Defendant Davis's Motion for Summary Judgment. Dkt. No. 48. The Court is also in receipt of Plaintiff Charles Ray Hill's ("Hill") Objections to the M&R. Dkt. No. 51.

Hill's complaint challenges the decision by the Texas Department of Criminal Justice ("TDCJ") to apply a new policy that reclassified Hill as a more restrictive G3 inmate instead of G2. Dkt. No. 1. This Court previously retained Hill's equal protection claim against then TDCJ Director Lorie Davis ("Davis") in her official capacity and dismissed all other claims. Dkt. No. 29.

The Magistrate Judge recommends granting summary judgment for Davis because Hill failed to offer a similar-situated comparator treated more favorable than Hill or otherwise make out an equal protection claim against Davis. Dkt. No. 48 at 13. The Magistrate Judge determined the competent summary judgment evidence demonstrates a rational basis for TDCJ's change to its classification policy. *Id.* at 14.

Hill objects to the constant reference to his crime of incarceration by the Magistrate Judge as "inflammatory and unnecessary." Dkt. No. 29. Hill objects to the general TDCJ classification system that did not exist when he was first incarcerated, as a due process violation. *Id.* He objects that many offenders were

harmed by the TDCJ classification system and there was no reason to have his G2 classification "permanently taken." *Id.* Hill asks for his objections to be favorably construed because he is not an attorney. *Id.*

The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

Hill correctly notes the fact that overreliance on an unrelated crime can be prejudicial in court proceedings. *See e.g.*, *United States v. Yeagin*, 927 F.2d 798, 802 (5th Cir. 1991). Yet the nature of Hill's crime is relevant to his security classification and after review of the M&R the Court finds no unduly prejudicial reliance on his crime. The Court therefore **OVERRULES** this objection. Many of Hill's objections relate to claims that were not raised in this case or have been dismissed. The Court finds these arguments frivolous and **OVERRULES** those objections. Hill's objection regarding his equal protection claim do not state a legal or factual error made by the Magistrate Judge. The Court **OVERRULES** Hill's objection.

After reviewing the filings, record and relevant law, the Court **ADOPTS** the M&R in its entirety, Dkt. No. 48, and **OVERRULES** Hill's Objections, Dkt. No. 51. The Court hereby **GRANTS** Davis's motion for summary judgment, Dkt. No. 42, and **DISMISSES** Hill's claims. Final Judgment will enter separately.

SIGNED this 8th day of October, 2020.

Hilda Tagle
Senior United States District Judge